UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| LAWRENCE MAHER, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | 2:04-cr-00093-GZS |
| | ) | |
| | ) | 2:07-cv-00195-GZS |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDED DECISION ON Rule 60(d) "Independent Action"**

Lawrence Maher has filed a motion pursuant to Rule 60(d)(1) of the Federal Rules of Civil Procedure seeking relief from the final judgment entered in his 28 U.S.C. § 2255 case in 2007 and further seeking through an "independent action" modification of his 262-month career-offender sentence on a one-count cocaine trafficking offense. Maher, who was unsuccessful in his direct appeal and in obtaining certiorari review from the United States Supreme Court, and who was equally unsuccessful in his first attempt to obtain § 2255 relief in both this Court and the First Circuit Court of Appeals, now wants to revisit Ground Four of his original § 2255 petition challenging this Court's use of a prior Massachusetts drug conviction in light of the Supreme Court's recent decision in <u>Carachuri-Rosendo v. Holder</u>, 130 S. Ct. 2577 (2011). The United States has not been ordered to file a response to this motion because, in my opinion, the motion is procedurally inappropriate and Maher has not shown any basis upon which relief could be obtained. Accordingly, I recommend that the Court deny Maher's motion to entertain an independent action to relieve him from the judgment previously entered in his § 2255 proceeding.

### Rule 60(d) of the Federal Rules of Civil Procedure

The United States Supreme Court has acknowledged that a prisoner can use Rule 60 of the Federal Rules of Civil Procedure in some circumstances to obtain relief from a judgment entered on a § 2255 petition, the classic example being a Rule 60(b) motion challenging the District Court's previous ruling in a default situation in order to relieve a party from the effect of a default judgment mistakenly entered against it. Such a motion is not the equivalent of a second or successive habeas petition. See Gonzalez v. Crosby, 545 U.S. 524, 534-36 (2005). That sort of motion, which attacks the ruling on the § 2255 petition, not the underlying conviction or sentence in the criminal matter, is analyzed just as any other motion brought pursuant to Rule 60(b) in any civil case, with the caveat that if the Rule 60(b) motion seeks to revisit the merits of a § 2255 claim for relief, then the Rule 60(b) motion conflicts with the Antiterrorism and Effective Death Penalty Act's gatekeeping rules on second and successive petitions and will not be allowed. Id.

Maher has not brought a Rule 60(b) motion for relief from judgment. His pleading makes clear that he wants the Court to entertain an "independent action" for relief from the merits of the ruling previously entered on Ground Four of his § 2255 petition. Rule 60 provides for relief from a Judgment or Order by motion in subsection (b) or by "independent action" in subsection (d)(1), commonly referred to as Rule 60's "savings clause," which provides that Rule 60 does not limit a court's power to entertain an independent action. See Mitchell v. Rees, 651 F.3d 593, 595 (6th Cir. 2011). The independent action in equity contemplated by the Rule is only available to prevent a "grave miscarriage of justice." United States v. Beggerly, 524 U.S. 38, 47 (1998) (citing Marshall v. Holmes, 141 U.S. 589, 596 (1891), where a forged letter was used to obtain a default judgment, as an example of a 'grave miscarriage of justice'). In the

context of a habeas petition or § 2255 proceeding, that means that Maher would have to make a strong showing of actual innocence in order to pursue an independent action in equity under Rule 60(d).  Calderon v. Thompson, 523 U.S. 538, 557-58 (1998).

### The Merits of Maher's Claim

Maher's entire motion is premised on a house of cards that tumbles quickly under scrutiny and does not come close to making a strong showing, or any showing at all, of actual innocence in regard to the underlying conviction or, more importantly, impropriety in the length of the sentence imposed upon him.  In his fourth 28 U.S.C. § 2255 ground, Maher complained of his counsel's failure to object to his 21 U.S.C. § 851 sentencing enhancement based on the information, which listed as two predicate offenses a 1997 Massachusetts Class D drug offense judgment and a 1998 Maine trafficking offense.  Maher contends that he was not aware that this information had been filed until he received a copy of the Presentence Investigation Report. (Sec. 2255 Mem., ECF No. 1-1, at 38; Maher Decl., ECF No. 1-2, ¶ 30.)  He reports that on receipt of this information he informed his attorney that the Massachusetts conviction was a misdemeanor, but his attorney made no effort to challenge the applicability of § 851 to Maher's case.  (Sec. 2255 Mem. at 38; see also id. at 40.)  Maher recognizes that this Court considered his pro se challenge on this score prior to sentencing, but he believes that he was not able to sufficiently articulate his legal argument.  (Id. at 40-41.)

The bottom line is that the question of whether or not this conviction was "usable" was resolved by this Court when overruling Maher's pro se objection at the sentencing hearing. (United States v. Maher, 2:04-cr-00093, ECF No. 60, Sentencing Tr. at 13-14.)  The 2011 United States Supreme Court case of Carachuri-Rosendo v. Holder upon which Maher's "independent

action" is based does not point to the way toward a grave miscarriage of justice involving the enhancement leveled against Maher.

Carachuri-Rosendo v. Holder is an immigration case which interprets the term "aggravated felony" as used in 8 U.S.C. § 1229b(a)(3) to determine whether or not the petitioner, a lawful permanent resident, was eligible for discretionary cancellation of removal or waiver of inadmissibility under § 1229b(a)(3). Carachuri-Rosendo had two convictions for misdemeanor drug possessions. Under Texas law the second conviction could have been charged as a felony and potentially carried a sentence of more than one year if charged in that manner. If the petitioner had such a drug conviction, his removal would have been mandatory. The Supreme Court held that when a defendant has been convicted under state law of a simple possession offense punishable by less than one year's imprisonment that has not been legally enhanced based on the fact of a prior conviction, he has not been convicted of a felony punishable under the Controlled Substances Act and thus his removal is discretionary. Carachuri-Rosendo v. Holder, 130 S. Ct. at 2589.

Maher concedes in his own motion that the Massachusetts conviction involved an offense that carried a potential sentence of up to two years imprisonment (Motion, ECF No. 29, at p. 4), and the statute under which he was convicted, Mass. Gen. Laws ch. 94(C), § 32(C)(a), confirms this. Maher actually received a sentence of eighteen months, albeit the imprisonment was suspended and he was placed on probation. The two-year potential term of imprisonment applies to all defendants and does not depend upon the fact of a prior conviction. It is the length of the potential period of imprisonment that could be imposed on a defendant convicted of the same offense that controls the analysis of whether the charge will be treated as a felony for purposes of 21 U.S.C. § 851. Ironically, a post-Carachuri-Rosendo case, decided on remand from the

4

Supreme Court in the wake of that ruling and to which Maher refers in his memorandum, provides all the authority needed to conclude that this motion has no substance and must be denied.  See United States v. Simmons, 649 F.3d 237, 241-43 (4th Cir. 2011) (en banc) (explaining that Carachuri-Rosendo deals with terms of imprisonment applicable to recidivists under a state statutory scheme requiring prosecutors to allege and prove prior convictions).  Clearly the potential for punishment under the statutory provision applicable in Maher's Massachusetts case exceeded one year for a defendant so charged and was not dependent upon a recidivist finding.

## Conclusion

For the reasons given above, I recommend that the Court summarily deny Maher's Rule 60(d) motion.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

August 31, 2012                         /s/ Margaret J. Kravchuk
                                        U.S. Magistrate Judge